UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

------------------------------------------------------------------------X
JOANNE A. BATTAGLIESE CORNS,

                                    Plaintiff,

                    -against-

GOOD SAMARITAN HOSPITAL MEDICAL CENTER,
KATHLEEN LAPORE, Nite [sic] Supervisor; CHARLES
BONE, CEO (fired also); PAT KURZ, Director of Hospital;
PAT HOGAN, nurse; PRICELLA ADLER,

                                    Defendants.
------------------------------------------------------------------------X

**ORDER TO SHOW CAUSE**
23-CV-00093 (JMA)(ARL)

FILED
CLERK

1:11 pm, Jun 05, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**JOAN M. AZRACK, District Judge:**

Before the Court is another civil complaint filed by *pro se* by plaintiff Joanne A. Battagliese

Corns ("plaintiff") against her former employer, Good Samaritan Hospital Medical Center ("the

Hospital"), and several individuals alleged to work there: Kathleen Lapore ("Lapore"), Charles

Bone ("Bone"), Pat Kurz ("Kurz"), Pat Hogan ("Hogan"), and Pricella Adler ("Adler" and

collectively, "defendants").[1]   *See* Am. Compl., ECF No. 6.   Plaintiff alleges, *inter alia*,

discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified,

42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), the Age Discrimination in Employment Act of 1967,

as codified, 29 U.S.C. §§ 621 to 634 ("ADEA"), and the Americans with Disabilities Act of 1990,

as codified, 42 U.S.C. §§ 12112 ("ADA").   (*Id.* at 3.)

In accordance with the Court's February 23, 2023 Order denying plaintiff's application to

---

[1] Plaintiff had filed an *in forma pauperis* complaint against the Hospital on January 9, 2017 alleging she was terminated from her employment in 2009 in violation of Title VII.   *See* Compl., 17-CV-0184(JMA)(ARL), ECF No. 1 (the "2017 Complaint").   Given that her claims appeared to be untimely, the Court ordered Plaintiff to show cause why her claims should not be dismissed as time-barred.   *See* Order to Show Cause, dated June 8, 2017, ECF No. 6. Plaintiff, through counsel, responded to the Court's Order to Show Cause (ECF No. 10) and, upon review, the Court determined that "[p]laintiff has not demonstrated that she acted diligently in pursuing her claims or that the circumstances are so extraordinary in her case as to warrant equitable tolling." *See* Elec. Order, dated May 8, 2018. Finding plaintiff's claims time-barred, the Court dismissed her claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and judgment was entered. *Id.*, *see* Judgment, ECF No. 11.

proceed *in forma pauperis* with leave to renew upon filing the AO 239 form ("Long Form") (*see* ECF No. 8), plaintiff has timely filed the Long Form.   Although her submission is not a model of clarity, the Court finds that she is unable to pay the filing fee.   Accordingly, her application to proceed *in forma pauperis* is granted.   However, as explained below, the complaint appears to be frivolous.

Like in her 2017 Complaint, Plaintiff's thin amended complaint again alleges that the challenged conduct, including the termination of her employment, occurred almost fifteen years ago.   *See* Am. Compl., ¶ III. B (alleged discriminatory acts occurred in 2008 and 2009).   Plaintiff also alleges that she received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") in 2013 or 2014, *id.* at ¶ IV. B, yet has included a copy of the Right to Sue letter dated November 16, 2016 reflecting that the EEOC determined that her charge was untimely filed.   (*Id.* at 51.)   Plaintiff's present complaint and amended complaint in this Court were filed over six years later on January 3, 2023 and January 12, 2023 respectively.   (*See* Compl., ECF No. 1; Am. Compl., ECF No. 6.)

Plaintiff's claims brought under Title VII, the ADEA, or the ADA appear to be untimely and precluded from further adjudication.[2]   Plaintiff's 2017 Complaint in this Court was dismissed with prejudice as time-barred on May 8, 2018.   Additionally, plaintiff also filed a complaint in New York State Supreme Court, Suffolk County against the same defendants she suing in the

---

[2] Insofar as Plaintiff's *pro se* amended complaint is liberally construed as alleging a claim under the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2611 *et seq.* (the "FMLA"), such claim also appears untimely and precluded.   The statute of limitations for an FMLA claim is two years, or three years for an intentional violation.   29 U.S.C. § 2617(c); *Hahn v. Office & Professional Employees Intern. Union, AFL-CIO*, 107 F. Supp. 3d 379, 383 (S.D.N.Y. 2015).   Even assuming the FMLA's three-year statute of limitations applies in this case, the statute of limitations has long since run given that plaintiff complains that her employment was terminated in 2009.   Further, this Court has already ruled that there is no basis to equitably toll the statute of limitations.   *See* 17-CV-0184(JMA)(ARL), *Battagliese Corns v. Good Samaritan Hosp. Med. Ctr.*, at EO dated May 8, 2018.

instant action.   By Order dated December 8, 2014, the state court granted defendants' motion for summary judgment and dismissed plaintiff's complaint in its entirety.   *See Corns v. Good Samaritan Hosp., et al.*, No. 09-50089, 2014 WL 10905929 (N.Y. Sup. Ct., Suffolk County, Dec. 8, 2014).   Like the present complaint, plaintiff challenged the 2009 termination of her employment with the Hospital and alleged causes of action for tortious hostile work environment, negligence, intentional and negligent infliction of emotional distress, breach of contract, tortious interference with a contract and for constitutional violations.   *See id*.   The state court rejected each of these claims, finding that plaintiff was an at-will employee who failed to overcome the defendants' *prima facie* showing of entitlement to summary judgment on all her claims. Accordingly, the complaint was dismissed in its entirety with prejudice.   *Id.*

Under 28 U.S.C. § 1915, the statute that governs *in forma pauperis* applications, a court must dismiss an action if it determines that it "is frivolous or malicious."   *Id.* § 1915(e)(2)(B).

Additionally, Federal Rule of Civil Procedure 11 applies to *pro se* litigants who pursue frivolous litigation "for any improper purpose[] such as to harass. . . ."   Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief . . . [that] (1) it is not being presented for any improper purpose . . .; (2) the claims [] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support . . . ."); *see Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 142 (S.D.N.Y. 2005) ("[Plaintiffs'] status as *pro se* litigants does not insulate them from the imposition of sanctions by this court under Rule 11 of the Federal Rules of Civil Procedure."); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Albany*, 369 F.3d 91, 97 (2d Cir. 2004) ("Rule 11

3

sanctions are designed to deter baseless filings.").   "On its own, the Court may order a . . . party to show cause why conduct specifically described in the order has not violated Rule 11(b)."   Fed. R. Civ. P. 11(c)(3)

**Accordingly, Plaintiff is now ordered to show cause in writing by <u>June 26, 2023</u> why her complaint should not be dismissed:   (1) as frivolous and/or malicious under 28 U.S.C. § 1915(e)(2)(B); and (2) for violating Federal Rule of Civil Procedure 11(b)'s proscriptions. Plaintiff must explain how the present complaint is different from the claims already analyzed and dismissed by this Court and the New York State Supreme Court, Suffolk County.   Further, Plaintiff shall also provide nonfrivolous legal and factual support for each of her claims alleged in the present complaint, against each Defendant[3], including why she has a good faith belief that the prior decisions of this Court and the New York State Supreme Court, Suffolk County do not preclude her from litigating the claims she raised in the current action.   Given the dismissal of Plaintiff's earlier cases, her current claims all appear to be barred by issue preclusion and/or claim preclusion.[4]   Additionally, Plaintiff must explain how her claims are not barred by the statute of limitations.   Plaintiff is also cautioned that**

---

[3] Although plaintiff has named five individuals as defendants, there is no individual liability available under Title VII, the ADA, or the ADEA. *Snowden v. Southernton, et al.*, No. 22-CV-514 (VB), 2023 WL 3601654, at *4 (S.D.N.Y. May 23, 2023) ("Individual defendants, 'even those with supervisory liability over the plaintiff,' are not subject to personal liability under Title VII.") (quoting *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (summary order)); *Hogan v. Mahabir, et al*., No. 22-CV-07858, 2023 WL 3628554, at *1 (E.D.N.Y. May 24, 2023) (ADA does not provide for individual liability); *Morrison v. Reeves*, No. 22-CV-3591, 2023 WL 3479683, at *2 (E.D.N.Y. May 16, 2023) ("[T]here is no individual liability under Title VII or the ADEA.").

[4]   "Issue preclusion, also referred to as collateral estoppel, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to [a] prior judgment.'" *Cayuga Nation v. Tanner*, 6 F.4th 361, 374 (2d Cir. 2021) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)).   Under the doctrine of claim preclusion, which is also referred to as res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id.* (quoting *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (internal quotation marks omitted).

her failure to timely comply with this Order by <u>June 26, 2023</u> **will lead to the summary dismissal of her complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).**   Further, the Court may impose sanctions, including the dismissal of the complaint and/or the imposition of monetary sanctions should the Court conclude plaintiff has violated Federal Rule of Civil Procedure 11(b) after affording Plaintiff this notice and opportunity to be heard.   *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Albany*, 369 F.3d 91, 97 (2d Cir. 2004) ("Rule 11 sanctions are designed to deter baseless filings.").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at her last known address.

**SO ORDERED**.

Dated:   June 5, 2023
          Central Islip, New York                    ___/s/ (JMA)_____
                                                     Joan M. Azrack
                                                     United States District Judge

5