UNITED STATES DISTRICT COURT                    <u>For Online Publication Only</u>
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOANNE A. BATTAGLIESE CORNS,

                 Plaintiff,

       -against-                                       <u>**MEMORANDUM & ORDER**</u>
                              23-CV-0093 (JMA) (ARL)

GOOD SAMARITAN HOSPITAL MEDICAL CENTER,
KATHLEEN LAPORE, Nite [sic] Supervisor; CHARLES
BONE, CEO (fired also); PAT KURZ, Director of Hospital;
PAT HOGAN, nurse; PRICELLA ADLER,

                Defendants.
----------------------------------------------------------------X

**AZRACK, United States District Judge:**

       By Order to Show Cause dated June 5, 2023 (the "Order"), the Court ordered *pro se*

plaintiff Joanne A. Battagliese Corns ("Plaintiff") to:

> Show cause in writing by June 26, 2023 why her complaint should not be dismissed:
> (1) as frivolous and/or malicious under 28 U.S.C. § 1915(e)(2)(B); and (2) for
> violating Federal Rule of Civil Procedure 11(b)'s proscriptions. Plaintiff must
> explain how the present complaint is different from the claims already analyzed
> and dismissed by this Court and the New York State Supreme Court, Suffolk
> County. Further, Plaintiff shall also provide nonfrivolous legal and factual support
> for each of her claims alleged in the present complaint, against each Defendant,
> including why she has a good faith belief that the prior decisions of this Court and
> the New York State Supreme Court, Suffolk County do not preclude her from
> litigating the claims she raised in the current action. Given the dismissal of
> Plaintiffs earlier cases, her current claims all appear to be barred by issue preclusion
> and/or claim preclusion. Additionally, Plaintiff must explain how her claims are not
> barred by the statute of limitations.

(ECF No. 10.)[1]   On June 26, 2023, Plaintiff timely responded by filing a seven-page handwritten

letter that is largely illegible and difficult to comprehend.   (ECF No. 11.)   Plaintiff also annexed

---

[1] The Order also granted Plaintiff's application to proceed *in forma pauperis*.   Thus, the Court screens the
complaint in accordance with its 28 U.S.C. § 1915 obligation.

an annotated copy of the Court's Order to her letter which the Court presumes are her notations.[2] (*Id.*)  Upon review, for the reasons that follow, the Court finds that Plaintiff's claims are precluded from further judicial review.   Accordingly, because Plaintiff has not set forth a plausible claim for relief and her claims are frivolous, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## I.      Background

The present action is Plaintiff's second in this Court against the Good Samaritan Hospital Medical Center (the "Hospital") challenging the termination of her employment in 2009.   (*See* ECF No. 6; *see Corns v. Good Samaritan Hosp. Med. Ctr*., 2017 CV-0184(JMA)(ARL) at ECF No. 1. (the "First Action").)[3]

### A.  The First District Court Action

The First District Court Action, filed on January 9, 2017, alleged that Plaintiff was unlawfully terminated in 2009 in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 and the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2611 et seq. (the "FMLA").[4]   Because it appeared that her claims were barred by the applicable statutes of

---

[2]  Apart from underlining, the only notations are a statement at the top of the first page of the Order (ECF No. 11 at p. 7) that reads "I can READ Now 62 years old!" and on ECF No. 11 at page 10 wherein she wrote "Monday" next to the return date for her response to the Order.   (*Id.*)

[3]  Plaintiff was represented by counsel in the First Action.

[4]  Prior to filing the First District Court Action, Plaintiff also sued the Defendants in the New York State Supreme Court, Suffolk County.   By Order dated December 8, 2014, the state court granted Defendants' motion for summary judgment and dismissed Plaintiff's complaint in its entirety.   *See Corns v. Good Samaritan Hosp., et al*., No. 09-50089, 2014 WL 10905929 (N.Y. Sup. Ct., Suffolk County, Dec. 8, 2014) (the "State Court Action").   There, Plaintiff challenged the 2009 termination of her employment with the Hospital and alleged causes of action for tortious hostile work environment, negligence, intentional and negligent infliction of emotional distress, breach of contract, tortious interference with a contract and for constitutional violations.   *See id*.   The state court rejected each of these claims, finding that Plaintiff was an at-will employee who failed to overcome the Defendants' *prima facie* showing of entitlement to summary judgment.   Accordingly, the complaint was dismissed in its entirety with prejudice.   *Id.* The Court takes judicial notice of Plaintiff's prior, related litigation. *See Glob. Network Commc'ns,*

limitation, the Court ordered Plaintiff to show cause in writing why her claims, whether brought under Title VII or the FMLA, should not be dismissed as time-barred. (*See* ECF No. 6.) The Order made clear that—as was noted in the Right to Sue Letter issued by the Equal Employment Opportunity Commission ("EEOC")—Plaintiff's 2016 filing of an administrative charge against her employer was well outside the 300-day statutory period. (*Id*. at 2.) Similarly, Plaintiff's complaint in the First Action was filed well-after the three-year statute of limitations applicable to FMLA claims alleging an intentional violation. (*Id*. at 2-3.) Thus, absent a basis to toll the statutes of limitation, Plaintiff's claims would be dismissed as untimely. (*Id.* at 3.)

Plaintiff, through counsel, responded to the Order, (ECF No. 10), and, after careful consideration, the Court concluded that "Plaintiff has not demonstrated that she acted diligently in pursuing her claims or that the circumstances are so extraordinary in her case as to warrant equitable tolling. Accordingly, Plaintiff's claims are time-barred and are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)." *See* Elec. Order, dated May 8, 2018. Judgment was entered on July 16, 2018 (ECF No. 11) and Plaintiff did not appeal.

### B.  The Present Amended Complaint[5]

Like the First Action, Plaintiff names the Hospital but now also includes several individuals alleged to have worked there: Kathleen Lapore ("Lapore"), Charles Bone ("Bone"), Pat Kurz ("Kurz"), Pat Hogan ("Hogan"), and Pricella Adler ("Adler" and collectively with the Hospital,

---

*Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (courts may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings).

[5]  The following facts are taken from the complaint and are presumed to be true for the purposes of this Memorandum and Order.   Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

"Defendants").[6]  Plaintiff raises claims pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634 ("ADEA"), and the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 ("ADA").  Like in her First Action, Plaintiff's thin amended complaint again alleges that the challenged conduct, including the termination of her employment, occurred approximately fifteen years ago.  (*See* Am. Compl., ¶ III. B (alleged discriminatory acts occurred in 2008 and 2009)).  Plaintiff also alleges that she received a Notice of Right to Sue from the EEOC in 2013 or 2014, *id*. at ¶ IV. B, yet has included a copy of the Right to Sue letter dated November 16, 2016 reflecting that the EEOC determined that her charge was untimely filed.  (*Id*. at 51.)  Plaintiff's present complaint and amended complaint in this Court were filed over six years later on January 3, 2023 and January 12, 2023, respectively.  (*See* Compl., ECF No. 1; Am. Compl., ECF No. 6.)

Accordingly, the Court ordered Plaintiff to show cause in writing why her amended complaint should not be dismissed:

> (1) as frivolous and/or malicious under 28 U.S.C. § 1915(e)(2)(B); and (2) for violating Federal Rule of Civil Procedure 11(b)'s proscriptions. Plaintiff must explain how the present complaint is different from the claims already analyzed and dismissed by this Court and the New York State Supreme Court, Suffolk County. Further, Plaintiff shall also provide nonfrivolous legal and factual support for each of her claims alleged in the present complaint, against each Defendant, including why she has a good faith belief that the prior decisions of this Court and the New York State Supreme Court, Suffolk County do not preclude her from litigating the claims she raised in the current action. Given the dismissal of Plaintiffs earlier cases, her current claims all appear to be barred by issue preclusion and/or claim preclusion. Additionally, Plaintiff must explain how her claims are not barred by the statute of limitations.

(ECF No. 10.)  In response, Plaintiff first lists her claimed medical ailments, including "relapsing

---

[6] Notably, each of these Defendants was named in the State Court Action.  *Corns*, 2014 WL 10905929 at *1.

remitting multiple sclerosis (MS), cognitive disorder, dyslexia disorder, vision loss, attention deficit disorder, post-traumatic stress disorder (PTSD) (dog bite)" and states "deliberate misuse of power and authority, discrimination, insults, intimidation from Pricilla Adler, hostile work environment, discrimination employment, punitive damages, employment discrimination, compensatory damage, psychological damage, conspired together chain of command."   (ECF No. 11 at 1.)   In an apparent effort to demonstrate equitable tolling, Plaintiff wrote: "married twice – that I was so stupid and ignorant to of been used and abuse psychologically and cheated and stolen from my own husband and family."   (*Id.* at 2.)   Plaintiff includes no dates in her submission, nor does she assert that her physical and/or mental condition, or her personal life circumstances, prevented her from timely pursuing her claims.   Rather, Plaintiff incoherently argues the merit of her underlying claims.   (*Id*. at 3-5.)   Plaintiff also wrote:

> Your Honor, I tired [sic] to meet you many times looking for you to come and have dinner or just cake and coffee. I feel bad that I have bothered you so many times I apolgys [sic]. The older I get I cannot even write properly, sorry for this mess. I am ashamed and embarrest [sic] of this mess. I have lost so much it is not funny.   I can't work like I used too.   Summer heat.   All my pts that pass away I want to go with them.   I am so tired and always broke.   I've worked hard so hard my whole life.   I feel like I have no more to give but God dose [sic[ not want me to give up fight till the end.

(*Id.* at 6.)[7]

## II.   Discussion

### A.  Standard of Review

Given that the Court granted Plaintiff's application to proceed *in forma pauperis* (*see* ECF 10), her action must be dismissed if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from

---

[7] The Court makes clear that it is unaware of any attempts by Plaintiff to meet the undersigned.

such relief."  28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes

such a determination.

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less

stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519,

520 (1972) (*per curiam*); *see also Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997).   In

addition, the court is required to read a plaintiff's *pro se* amended complaint liberally and interpret

it as raising the strongest arguments it suggests.  *United States v. Akinrosotu*, 637 F.3d 165, 167

(2d Cir. 2011) (*per curiam*) (citation omitted).   However, Federal Rule of Civil Procedure 11

applies to *pro se* litigants who pursue frivolous litigation "for any improper purpose[] such as to

harass. . . ."  Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading . . . an attorney or

unrepresented party certifies that to the best of the person's knowledge, information, and belief . .

. [that] (1) it is not being presented for any improper purpose . . .; (2) the claims [] are warranted

by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law

or for establishing new law; (3) the factual contentions have evidentiary support . . . ."); *see Smith*

*v. Educ. People, Inc.*, 233 F.R.D. 137, 142 (S.D.N.Y. 2005) ("[Plaintiffs'] status as *pro se* litigants

does not insulate them from the imposition of sanctions by this court under Rule 11 of the Federal

Rules of Civil Procedure."); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v.*

*Albany*, 369 F.3d 91, 97 (2d Cir. 2004) ("Rule 11 sanctions are designed to deter baseless filings.").

**B.  Preclusion**

***1.  Res Judicata***

"*[R]es judicata* 'bars a subsequent action - - involving either the same plaintiffs or parties

in privity with those plaintiffs - - from asserting claims that were, or could have been, raised in a

prior action that resulted in an adjudication on the merits." *Preacely v. City of New York*, 622 F.
App'x 14, 15 (2d Cir. 2015) (summary order) (quoting *Bank of New York v. First Millennium,*
*Inc.*, 607 F.3d 905, 918 (2d Cir. 2010)).   "The *res judicata* bar extends to all . . . claims arising
out of the same transaction or series of transactions . . ., even if based upon different legal
theories or seeking a different remedy." *Ricks v. Brown*, No. 20-CV-00043-LJV-HBS, 2020
WL 5628969, at *2 (W.D.N.Y. Sept. 21, 2020) (internal quotation marks and citation omitted).
"A district court has not only the power but the obligation to dismiss complaints . . . on *res*
*judicata* grounds when the litigation history triggers it." *Caldwell v. Pesce*, 83 F. Supp. 3d 472,
481 (E.D.N.Y. 2015) (citing *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993)), *aff'd*, 639
F. App'x 38 (2d Cir. 2016).   *Pro se* litigants are equally bound by the doctrine of *res judicata*.
*Done v. Wells Fargo Bank, N.A.*, No. 08-CV-3040, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14,
2009).

  The doctrine of *res judicata* prevents a claim from being relitigated if "(1) the previous
action involved an adjudication on the merits; (2) the previous action involved the plaintiff[] or
those in privity with [her]; [and] (3) the claims asserted in the subsequent action were, or could
have been, raised in the prior action." *Soules v. Conn. Dep't of Emergency Servs. & Pub. Prot.*,
882 F.3d 52, 55 (2d Cir. 2018) (internal quotation marks omitted); *First Millennium, Inc.*, 607
F.3d at 918.

### a.  Prior Adjudication on the Merits

  Where there has already been "a final judgment on the merits," *res judicata* "precludes
the parties or their privies from relitigating issues that were or could have been raised in that
action." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014).   A claim that

7

has been dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) or on a motion at the summary judgment stage pursuant to Rule 56 is a final judgment and a dismissal on the merits for purposes of *res judicata.   See, e.g.*, *Berrios v. N.Y. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("As the sufficiency of a complaint to state a claim on which relief may be granted is a question of law, the dismissal for failure to state a claim [pursuant to 28 U.S.C. § 1915] is a final judgment on the merits and thus has *res judicata* effects.") (internal citation omitted); *Skarzynska v. New York Bus. Dev. Corp.*, No. 15-CV-00140, 2017 WL 1247882, at *6 (E.D.N.Y. Mar. 31, 2017) ("[S]ummary judgment constitutes a final judgment on the merits for purposes of *res judicata*.") (quotation marks and citation omitted).

There is no doubt that there was a final prior adjudication on the merits.   Indeed, this Court and the state court each entered final judgments on the merits for *res judicata* purposes. *See Corns v. Good Samaritan Hosp., et al.*, No. 09-50089, 2014 WL 10905929 (N.Y. Sup. Ct., Suffolk County, Dec. 8, 2014) (granting Defendants' motion for summary judgment and dismissing Plaintiff's complaint in its entirety by Order dated December 8, 2014); *see Corns v. Good Samaritan Hosp. Med. Ctr., et al,* 17-CV-0184(JMA)(ARL), (E.D.N.Y. May 8, 2018) (*sua sponte* dismissing complaint as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B) upon review of Plaintiff's response to an order to show cause finding that she failed to demonstrate that she acted diligently in pursuing her claims or that the circumstances are so extraordinary in her case as to warrant equitable tolling. ).

Thus, Plaintiff has already fully and finally litigated these claims arising from her employment, and termination thereof.   Nor does Plaintiff contend otherwise.   Thus, the first requirement is met.

### b.  The Previous Action Involved the Same Parties or their Privies

*Res judicata* "bars a subsequent action - involving either the same plaintiffs or parties in privity with those plaintiffs - from asserting claims that were, or could have been, raised in a prior action that resulted in an adjudication on the merits." *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010).   This prong is clearly met as Plaintiff brought both actions and is the party against whom *res judicata* is invoked.   And, Plaintiff named the same Defendants in the present case and in the state case.   *See Corns*, 2014 WL 10905929, at *1.   Although her First District Court Action included only the Hospital as a Defendant, her inclusion of additional individual defendants who are employed by the Hospital does not allow her to circumvent *res judicata*'s re-litigation bar.[8]   Rather, because these new individual defendants are in privity with the Hospital in the first suit (and were named as defendants in the state case), this prong is met.   *See Jackson v. Connecticut Dep't of Pub. Health*, 795 F. App'x 64, 66 (2d Cir. 2020) (summary order) (affirming dismissal on *res judicata* grounds where defendants in the second suit were in privity with the defendants in the first suit); *Kern v. Joyce*, No. 19-CV-01106, 2020 WL 4340275, at *4 (W.D.N.Y. Apr. 20, 2020), *report and recommendation adopted*, No. 19-CV-1106, 2020 WL 4338886 (W.D.N.Y. July 28,

---

[8]  Moreover, even if Plaintiff's claims against the individuals brought pursuant to Title VII, the ADEA, or the ADA were not barred by *res judicata,* they are subject to dismissal on other grounds.   Specifically, these claims against the individual defendants fail as a matter of law because "there is no individual liability under any of the federal anti-discrimination statutes, including Title VII, the ADA, and the ADEA." *Garibaldi v. Anixter, Inc.*, 407 F.Supp.2d 449, 451 (W.D.N.Y. 2006).

2020), *aff'd*, 857 F. App'x 691 (2d Cir. 2021) ("[A]lthough defendant Linda Joyce was not expressly a party to the Article 78 proceeding, as the Director of the Central Register - a party to that action - privity bars relitigation of the claims against her."); *Leo v. New York City Department of Education*, 2014 WL 6460704, *4 (E.D.N.Y. 2014) ("[W]hile Attilio was not previously a party, as an 'employee[ ] of [a party to the initial action], the principle of privity bars relitigation of these claims' against him as well"); *Rafi v. Yale Univ. Sch. of Med.*, No. 3:18-CV-635 (AWT), 2020 WL 4339474, at *7 (D. Conn. July 28, 2020) ("For purposes of claim preclusion, the employer-employee relationship between Yale and Bale satisfies the privity requirement for matters within the scope of employment.").  Thus, the Court next considers the last requirement.

### c. Claims Asserted in the Subsequent Action Were, or Could Have Been, Raised in the Prior Action

Plaintiff's current claims were already raised, or could have been raised in her prior cases, because both of her prior cases concerned the 2009 termination of her employment at the Hospital.  As both of her prior cases concerned her employment, Plaintiff's current Title VII, ADEA, ADA and FMLA claims could have been or were raised in that proceeding. *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 206 (2d Cir. 2002) ("[Plaintiff] could have brought that cause of action in her prior action.  Accordingly, the claims in her second . . . complaint are now barred by *res judicata*. . . ."); *L–Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999) (concluding that claims were barred by *res judicata* when plaintiff's "new claims [were] based on different legal theories rather than different facts and, accordingly, could have been raised in the original complaint").  Therefore, all of the

requirements of *res judicata* are met and Plaintiff's amended complaint is dismissed in its entirety on *res judicata* grounds.

### 2.   Collateral Estoppel and Timeliness of Plaintiff's Claims

Collateral estoppel "bars the relitigation of an issue that was raised, litigated, and actually decided by a judgment in a prior proceeding, regardless of whether the two suits are based on the same cause of action." *Griffin v. Sirva, Inc.*, 291 F. Supp. 3d 245, 251-52 (E.D.N.Y. 2018) (citing *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003)).   In the First District Court Action, this Court determined that Plaintiff's Title VII claim concerning her 2009 termination was time-barred and that Plaintiff failed to establish facts to warrant equitable tolling of the statute of limitations.   Accordingly, Plaintiff is precluded by the doctrine of collateral estoppel of relitigating both the timeliness of her Title VII claims and the question of whether she is entitled to equitable tolling as to her Title VII claims.[9]

While Plaintiff did not allege claims under the ADEA or ADA in the First District Court Action, these claims (as well as her Title VII claim) are also clearly time-barred.   "As a predicate to filing suit under [Title VII, the ADEA, and the ADA], a private plaintiff must first file a timely charge with the EEOC." *Riddle v. Citigroup*, 449 F. App'x 66, 69 (2d Cir. 2011) (citing 42 U.S.C. §§ 2000e–5(e)(1), (f)(1) (Title VII); 29 U.S.C. §§ 626(d), 633(b) (ADEA); 42 U.S.C. § 12117(a) (ADA)).   "To be timely, a charge must be filed within 180 days or 300 days of the date on which the plaintiff receives notice of her termination, depending upon whether the plaintiff has initially instituted proceedings with a State or local agency capable of granting

---

[9] The state court's grant of summary judgment in the State Court Action may have resolved certain issues that would also require dismissal of Plaintiff's Title VII, ADEA, and ADA claims on the basis of collateral estoppel. However, it is unnecessary to address the potential collateral estoppel implications of the state court's ruling because Plaintiff's Title VII, ADEA, and ADA claims fail on multiple other grounds, including *res judicata* and timeliness.

11

relief." *Id.*   Additionally, "[u]nder the ADA, Title VII, and the ADEA, a plaintiff must file an action in federal court within 90 days of receipt of a right-to-sue letter from the EEOC." *Henriquez-Ford v. Council of Sch. Sup'rs & Adm'rs*, No. 14-CV-2496 (JPO), 2015 WL 3867565, at *5 (S.D.N.Y. June 23, 2015) (citing 42 U.S.C. § 2000e–5(f)(1)).

Here, Plaintiff did not file a charge with the EEOC within 300 days of her termination. Plaintiff also failed to file the instant suit within 90 of receiving a Right to Sue letter from the EEOC.   Accordingly, Plaintiff's Title VII, ADEA, and ADA claims are time-barred.   In order to avoid dismissal of her time-barred claims, Plaintiff would have to establish that she is entitled to equitable tolling.

In the First District Court Action, Plaintiff litigated the issue of whether she was entitled to equitable tolling for her Title VII and FMLA claims and the Court found that she did not qualify for equitable tolling.   Accordingly, collateral estoppel clearly precludes Plaintiff from relitigating the issue of equitable tolling with respect to her Title VII claims.

Plaintiff might also be precluded by the doctrine of collateral estoppel from relitigating the issue of equitable tolling here with respect to her ADEA and ADA claims even though those claims were not raised in the First District Court Action.[10]   However, even assuming for the sake of argument that collateral estoppel does not apply to the issue of equitable tolling concerning Plaintiff's ADEA and ADA claims, the Court finds that, based on the record, Plaintiff has failed to establish equitable tolling for these claims.

In an abundance of caution, the Court afforded Plaintiff an opportunity to demonstrate a basis for equitable tolling to extend the statute of limitations.   Equitable tolling is "permitted

---

[10]   Because Plaintiff's Title VII, ADEA, and ADA claims all arise out of her termination and the same factual circumstances, the equitable tolling issues appear to be identical for all of her claims.

where a plaintiff can show '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way and prevented timely filing.'"   *Jamieson v. United

States Postal Serv.*, No. 20-CV-06184, 2022 WL 43767, at *2 (E.D.N.Y. Jan. 5, 2022) (quoting

*Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Watson v. United States*, 865 F.3d 123,

132 (2d Cir. 2017).   "[T]he term 'extraordinary' refers not to the uniqueness of a party's

circumstances, but rather to the severity of the obstacle impeding compliance with a limitations

period."   *Watson*, 865 F.3d at 132 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)).

In this regard, the Second Circuit instructs "it is not enough for a party to show that he

experienced extraordinary circumstances.   He must further demonstrate that those circumstances

caused him to miss the original filing deadline."   *Watson*, 865 F.3d at 132 (emphasis in original)

(cleaned up).   "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a

cure-all for an entirely common state of affairs."   *Wallace v. Kato*, 549 U.S. 384, 396 (2007).

Plaintiff bears the burden to establish that equitable tolling is warranted.   *Boos v.

Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (The "burden of demonstrating the appropriateness of

equitable tolling . . . lies with the plaintiff.") (citation omitted).   Upon careful consideration of

Plaintiff response to the Order to Show Cause, the Court finds that Plaintiff has not met her

burden.   While the Court is sympathetic to Plaintiff's circumstances, she has not adequately

demonstrated a basis to equitably toll the statute of limitations.   *See Watson*, 865 F.3d at 133

(finding that plaintiff's depression did not justify equitable tolling when plaintiff engaged in

other litigation during the time period at issue and also explaining that equitable tolling cannot be

premised on a plaintiff's "lack of education, pro se status, or ignorance of the right to bring a

claim.").   Because Plaintiff is not entitled to equitable tolling, all of her claims must be

dismissed as time-barred.

### III.    Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).   Here, Plaintiff has already amended her complaint, (ECF No. 6), and her claims are both precluded by *res judicata* and are time-barred. Accordingly, further amendment would be futile and leave to amend is denied.

### IV.    Litigation Bar Warning

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits."  *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999).  Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits.  *See Malley v. N.Y. City Bd. of Educ.*, 112 F.3d 69 (2d Cir. 1997) (*per curiam*) (filing injunction may issue if numerous complaints filed are based on the same events).  Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts.  In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction.  *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*).

Given Plaintiff's litigation history in this and the state court, Plaintiff is warned that her continued filing of new complaints against the Defendants relating to her employment will not be

tolerated. The instant case is Plaintiff's second in this Court concerning the same subject matter and her litigation history suggests that she may file a new action here relating to her employment with the Hospital and the termination thereof. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks, citations, and alteration omitted).

The Court does not find that there are sufficient grounds, at this time, for a litigation injunction. However, Plaintiff is warned that future duplicative lawsuits relating to her employment at the Hospital and the termination thereof will not be tolerated by the Court. Should Plaintiff file another complaint in the federal district court relating to her employment and/or the termination thereof, the Court will order Plaintiff to show cause why a litigation bar should not be entered.

Finally, Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to *pro se* litigants, *see Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and *pro se* litigants . . ."), and should she file another action relating to this subject, it is within the Court's authority to consider imposing sanctions upon her. *See* Fed. R. Civ. P. 11; *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'") (quoting *Abdullah*

15

*v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985) (*per curiam*)).

## V.      Conclusion

For the reasons set forth above, Plaintiff's claims are precluded by *res judicata* and are also time-barred.   (*See supra* at 6-13.)   Accordingly, Plaintiff's claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).   Plaintiff is warned that future duplicative lawsuits relating to her employment at the Hospital and the termination thereof will not be tolerated by the Court.   Should Plaintiff file another complaint in federal district court relating to her employment and/or the termination thereof, the Court will order Plaintiff to show cause why a litigation bar should not be entered.

The Clerk of the Court shall enter judgment accordingly and close this case.   The Clerk of the Court shall also mail a copy of this Order to the Plaintiff at her address of record and shall note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   August 30, 2024
       Central Islip, New York

                                         /s/ (JMA)
                                     JOAN M. AZRACK
                                   UNITED STATES DISTRICT JUDGE